CARVER and another vs. LASSALLETTE and another, imp.

*February 24 — March 13, 1883.*

HOMESTEAD. *(1) Lien of judgment does not attach on* bona fide *sale. (2) Evidence. (3) Mistake in conveyance : priority of equities between intended grantee and purchaser at execution sale.*

1. Upon the sale of lands occupied as a homestead the lien of a judgment against the vendor will not attach to such lands unless it appears that the sale was merely colorable and made for the purpose

of enabling the judgment debtor to have the advantage of another homestead while his former homestead was held for his use and benefit by the grantee.

2. A finding that certain premises were a homestead at a particular time is *held* to be sustained by the evidence stated in the opinion.

3. In what was intended to be a conveyance of lands occupied as a homestead other lands were described by mistake. The lands intended to be conveyed were afterwards sold on an execution issued upon a judgment against the owner of such lands which had been docketed before his attempted conveyance thereof. In an action commenced before the delivery of the sheriff's deed to the purchasers at the execution sale, *held* :

(1) Neither party having a conveyance of the lands which could have been recorded under the registry act, neither can invoke the protection of that act against the claim of the other.

(2) The equitable claim of the grantees in the original conveyance being prior in time to the claim of the purchasers at the execution sale, the mistake in the original conveyance will be corrected as against such purchasers.

APPEAL from the Circuit Court for *Sauk* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought by the respondents, as trustees of Margaret Livesley, wife of Samuel Livesley, to reform and foreclose a mortgage given by Samuel Livesley to *W. I. Carver*, personally, and before he was appointed one of the trustees of said Margaret Livesley, to secure the payment of the sum of $500 and interest, which bears date May 20, 1872. The premises upon which the mortgage was intended to be given, were intended to be conveyed by deed executed by said Samuel and Margaret Livesley to the respondents, as trustees, for the benefit of said Margaret Livesley, June 14, 1873. The consideration for such conveyance was the sum of $800, money belonging to the estate of said Margaret Livesley, which said sum was in part paid out of the trust estate to the said *W. I. Carver*, upon the mortgage which he held upon said land. In this conveyance to the trustees, after full covenants of warranty as to title and against incumbrances, except as to the $500 mortgage of *Carver*, which is described

in said deed, the following clause is found: "It is distinctly agreed, by and between Livesley and wife and the trustees, that the estate or lien held by said *Washington I. Carver*, under and by virtue of said mortgage, shall not, nor shall any part thereof, merge in the estate granted " by the deed. By mistake in drafting both the mortgage and deed, the description of the land in each was the N. W. ¼ of the N. W. ¼ of section two (2), in township number twelve (12) N., of range number three (3) E., in Sauk county, Wisconsin, whereas the true description of the lands intended and agreed to be mortgaged and conveyed was the N. W. ¼ of the N. E. ¼ of said section, town, and range. The complaint asks as relief that the mortgage and deed be reformed so as to conform to the intent and agreement of the parties, and that the mortgage be foreclosed as against all the defendants. The appellants were made defendants as persons who claim some interest or lien upon the mortgaged premises, and the complaint alleges that such interest or claim, if they have any, accrued subsequently to the lien of said mortgage.

"The appellants are the only defendants who appeared and answered in the action, and by their answer they set out that on the 16th day of October, 1872, they obtained a judgment against Samuel Livesley and Margaret Livesley for the sum of $249.95, in the circuit court for Juneau county, which said judgment was duly docketed in the office of the clerk of the circuit court of said county of Juneau on that day, and that afterwards and on the 12th day of December, 1872, a transcript of said judgment was duly docketed in the office of the clerk of the circuit court of Sauk county, in which the lands intended to be conveyed and mortgaged by said deed and mortgage are situate. The answer then alleges the issuing of an execution upon said judgment, and a sale of said lands by virtue thereof to the said appellant *C. Lassallette* to satisfy said judgment; that a certificate of such sale was executed and delivered to him by the sheriff, and was

duly recorded in the office of the register of deeds for the county of Sauk on the 27th of July, 1880; and that on the 26th of October, 1881, after the expiration of the time for redemption, a sheriff's deed of said land was duly executed and delivered to said *C. Lassallette.* The answer alleges that the defendants have no knowledge or information sufficient to form a belief whether the parties to said mortgage intended to mortgage the N. W. ¼ of the N. E. ¼ of section two (2), township twelve (12) N., of range three (3) E., and that by mistake another piece of land was mortgaged. On the trial, however, it was admitted that there was a mistake both in the mortgage and deed, and that it was the intention of the parties to mortgage and convey the forty acres of land owned by Samuel Livesley, upon which the mortgage is sought to be foreclosed. The answer also alleges that said mortgagor, before the commencement of this action, had been fully paid and satisfied by the said Samuel Livesley; that the note and mortgage had been delivered up to said Samuel Livesley, and canceled and destroyed by him, and had long before ceased to be a lien upon said lands. The answer also charges that the conveyance in trust to said respondents was fraudulent and void, and was made with intent to cheat and defraud the creditors of the said Samuel Livesley, and to prevent and delay these defendants and other creditors in collecting their judgments against him.

" The answer also denies that the land in question was the homestead of the said Samuel Livesley at the time of docketing of the appellants' judgment in said county of Sauk, and alleges that their judgment became a lien thereon at the time the same was so docketed, superior to the lien claimed by the respondents' mortgage set out in their complaint.

" Upon the issues made by this answer of the appellants the action was tried, and the court made and filed findings of fact and conclusions of law as follows:

" Findings of fact:

" ' 1. That all and singular the allegations of said plaint-

iffs' complaint are true, except as hereinafter stated or modified.

"'2. That it does not appear what became of the mortgage mentioned in the complaint, after the deed mentioned in the complaint containing a reference thereto was executed, and I find that the same has been lost, but do not find that the same contained any provision for the payment of solicitor's fees; that the defendants had notice before the execution of the sheriff's deed, mentioned in the defendant's answer, of the existence of said mortgage and of the said deed, and of the claim of mistake of the description of said premises in said instruments; that at the time of the execution of said deed it was agreed by the parties that the note mentioned in said mortgage should be surrendered and canceled, but that said mortgage should not merge, but should be kept alive as a valid lien on said premises, and that the same should not merge in the title conveyed by the deed; that said note and mortgage have not been paid, although the maker of said note has been released from liability thereon, and that the amount due on said mortgage for principal and interest is the sum of $998.64; and that said premises affected by said deed and mortgage, and intended to be described therein, are described as follows, to wit: N. W. ¼ of the N. E. ¼ of section number two (2), in township number twelve (12) N., of range number three (3) E., in Sauk county, Wisconsin.

"'3. That the said premises, at the time of the execution of the said mortgage and of said deed, constituted the homestead of the said Samuel Livesley and Margaret Livesley, and that the defendants had not, nor had either of them, at the time of the execution of each of said instruments, any specific lien thereon; that said deed and mortgage were not, nor was either of them, executed for any fraudulent or improper purpose; that no evidence was produced to show that the plaintiffs discovered said mistake in said mortgage or deed before about the time of the commencement of this action.

" ' 4. That the defendants *Peter Lassallette* and *Christine Lassallette* recovered against the defendant Samuel Livesley the judgment mentioned in the answer on or about October 16, 1872, and that the same was docketed, and transcript filed, and execution issued thereon, and said premises sold upon the same on July 24, 1880, and on October 26, 1881, a sheriff's deed thereon was executed to the defendant *Christine Lassallette*, but this action was commenced before the execution and delivery of the said sheriff's deed, and that the said deed and mortgage were not, nor was either of them, executed and delivered to cheat and defraud, hinder or delay, the said defendants, or either of them.

" ' 5. That due notice of the pendency of this action was filed in the office of the register of deeds for Sauk county, September 21, 1881.'

" Conclusions of law:

" ' 1. That the plaintiffs are entitled to a judgment, reforming said deed and mortgage, so as to correct the description of the premises hereinbefore referred to, and so that the mortgage shall stand and be a valid mortgage against the said N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of 'section number two (2), in township number twelve (12), of range three (3), in Sauk county, Wisconsin, and paramount and superior to any interest, lien, or claim of the defendants, or either of them, therein or thereto, subsequent to the 20th day of May, 1872.

" ' 2. That the plaintiffs are entitled to a judgment of foreclosure and sale of said premises in the usual form, against said defendants, for said amount so found due on said mortgage, as prayed in said complaint, but not to any personal judgment against the defendant Samuel Livesley, and that the plaintiffs have personal judgment against the defendants *Peter* and *Christine Lassallette* for the taxable costs of this action.

" ' 3. That the right, title, and interests of the defendants,

and each of them, derived under and by virtue of said sheriff's deed and judgment mentioned in the answer, be adjudged subject and subordinate to the plaintiffs' mortgage, and so the said judgment of foreclosure and sale to be entered hereon, and judgment entered accordingly.' "

From the judgment entered in accordance with such findings, the defendants *P.* and *C. Lassallette* appealed.

*J. W. Lusk*, for the appellants.

For the respondents there was a brief by *Barker & Barlow*, as attorneys, and *S. U. Pinney*, of counsel, and oral argument by *Mr. Pinney*. They argued, *inter alia*, that the respondents have the elder equity, which must prevail over the title conveyed by the sheriff's deed, unless the appellants were *bona fide* purchasers without notice of the mortgage *at the time of the recording of the sheriff's deed*. A sheriff's deed does not operate as constructive notice until recorded. Until then the purchaser has a mere equity, subject to any older equity. *Jackson v. Chamberlain*, 8 Wend., 620; *Jackson v. Post*, 15 id., 596; *Hetzel v. Barber*, 69 N. Y., 1, 10; *Lessee of Cooper v. Galbraith*, 3 Wash. C. C., 546; *Curts v. Cisna*, 7 Biss., 260; *Tourville v. Nash*, 3 P. Williams, 307; *Trustees of Union College v. Wheeler*, 61 N. Y., 88; *Schafer v. Reilly*, 50 id., 67.

TAYLOR, J. The learned counsel for the appellants has presented to this court a very able argument upon the question of the priority of the appellants' claim as purchasers at the execution sale, over the claim of the respondents as mortgagees, admitting that their mortgage was a valid subsisting mortgage upon the premises, and was intended to cover the lands in question in this action. His claim is that as the appellants had no knowledge of the existence of the mortgage now claimed to be a mortgage covering the lands in question, at the time of the sale of the lands upon the judgment in their favor, they, as purchasers upon such exe-

cution sale, should in equity be protected against the claim of the respondents that it was intended that their mortgage should cover the lands in dispute, and that a court of equity ought not to reform the mortgage so as to make it a prior claim to theirs as purchasers at the execution sale. He has also strongly attacked the finding of the court that the mortgage was not fully paid, satisfied, and canceled long before the commencement of this action; but as we have come to the conclusion that the third finding of fact, viz., that the said premises at the time of the execution of said mortgage, and of the deed to the said respondents, were the homestead of Samuel Livesley and Margaret Livesley, and that in consequence thereof the judgment of the said appellants was not and could not be a lien upon said premises, and that said deed and mortgage were not, nor was either of them, executed for any fraudulent or improper purpose, the question as to whether the note and mortgage were paid and satisfied becomes of no importance to the appellants, as their claim would be cut off by the deed to the trustees, in any event, if such deed be not set aside as fraudulent. We deem it unnecessary, therefore, to review the finding of the court upon that question, as we are clearly of the opinion that the appellants have no rights which can be prejudiced by fore-closure and sale under that mortgage.

It is apparent that if the land in question in this case was the homestead of the mortgagors and grantors when the mortgage and deed were made, the appellants could have no claim on the same as judgment creditors at the time of such mortgaging or sale. And if it be alleged or claimed that the judgment became a lien after the conveyance of the said lands to the trustees for the benefit of the wife, and after it had been abandoned as a homestead by both husband and wife, the evidence should clearly show that the transfer to the trustees was merely colorable, and made for the purpose of enabling the husband to have the advantage of another

homestead, while in fact holding the old homestead, through the intervention of these trustees, for his sole use and benefit. *Carhart v. Harshaw*, 45 Wis., 340–347. The court has found, upon the question of fraudulent intent in making this conveyance to the trustees, against the appellants, and we find nothing in the evidence which would justify us in reversing such finding.

It was said by the learned counsel for the appellants that the question as to whether the premises were a homestead at the time of docketing their judgment, and at the time of making the conveyance to the trustees, was only incidentally put in issue upon the trial, and that their rights ought not to be concluded by the finding of the court upon that question. The answer, however, shows that the appellants considered that a material question in their defense, as they expressly allege that it was not a homestead at the time of the docketing of their judgment, and they also allege that their judgment became a lien upon the land at the time of docketing said judgment. It cannot be said that upon these pleadings the appellants were not expecting that the question of homestead would be a question for trial in the action. The question was very material, as bearing upon the rights of the appellants, and was, in fact, litigated on the trial, and the court has found that the lands in controversy were the homestead of Livesley and wife both at the time the appellants' judgment was docketed and at the time the deed was made to the trustees. That they were the homestead of the Livesleys at the time the judgment of appellants was docketed in Sauk county, is, we think, very fully sustained by the evidence in the case; and, so far as there is any proof on the subject, the evidence sustains the finding that such homestead right continued until after the deed was made on the 14th of June, 1873.

The evidence is very clear that on the 20th day of May, 1872, the land in question was occupied by Livesley and wife

as their homestead, and at that time they were not the owners of any other lands. It seems that some time after that date, but at what particular time the evidence does not show, Livesley purchased another piece of land, and he testifies that he continued to occupy the land in dispute, and lived on it one season after he had purchased the other land. In another place in his testimony he says: "I lived on the land when the note was paid and the land conveyed to the trustees. It was my homestead long after that." Again he uses the following language: "I did not, in the fall of 1872, leave what I call my homestead and go on to the other farm to live. I don't think we did. I cannot speak definitely. I never tried to keep myself posted about it." We think this testimony is quite sufficient to sustain the finding that the lands in question remained the homestead of the Livesleys as late as June 14, 1873, when the deed to the trustees was made. The evidence is conclusive that not long previous to that date it was such homestead, and all the evidence there is in the case tends strongly to prove that its possession as a homestead was continued until after the giving of the deed to the trustees. Upon the evidence in the case, the court would not have been justified in finding that its possession as a homestead had ceased before the deed was made.

It was necessary for the appellants to prove affirmatively that their judgment was a lien upon the lands at the time the conveyance was made to the trustees. The proof shows beyond any reasonable doubt that the judgment was not a lien when it was docketed, in December, 1872, and there is a want of proof to establish the fact that it became a lien before June 14, 1873, when the owners undertook to convey it to the trustees. There being no fraud in the intended conveyance to the trustees, and the appellants having no lien upon the lands at the time such intended conveyance was made, a court of equity properly corrected the conveyance so as to carry out the intent of the parties as against these

parties. At the time this action was commenced neither party had a conveyance of the lands in dispute which could have been recorded under the registry act, and neither can invoke its provisions as a protection of his claim against the other.

In the absence of any fraud on the part of the respondents, their equitable claim, being prior in time to the claim of the defendants, must prevail. The rule seems to be firmly established, as will appear from an examination of the authorities cited by the learned counsel for the respondents in their brief; and notwithstanding the very able argument made by the learned counsel for the appellants against the enforcement of this rule, he has been unable to cite us to any case in which a different rule has been established. The judgment of the court below upon the merits of the controversy was correct and should be affirmed.

We think the circuit court erred in charging all the costs of the plaintiffs in the action to these defendants. The plaintiffs would have been compelled to incur a large share of the costs taxed against these defendants, although they had not appeared in the case and made a defense. There was no justice in charging them with costs in the action which were not incurred by the plaintiffs by reason of their defense. Instead of adjudging that these defendants should pay the taxable costs of the action, the judgment should have directed that the plaintiffs recover of these defendants such costs as were incurred by the plaintiffs in the action by reason of their defense, and which they would not have otherwise incurred.

*By the Court.*— The judgment of the circuit court, granting the plaintiffs relief as prayed for in their complaint, is affirmed, except as to costs; and so much of the judgment of said court as adjudges that the plaintiffs recover the costs of the action against these appellants is reversed; each party to pay their own costs in this court, except the costs

of the clerk of this court, which shall be paid by the respondents. The case is remanded with directions to the circuit court to make such order for the recovery of costs against the appellants as indicated in this opinion.